1   Christopher R. Mosley (SBN 154422)
    cmosley@foleyhoag.com
2   FOLEY HOAG LLP
    4643 South Ulster Street
3   Suite 970
    Denver, Colorado 80237
4   Tel: (720) 782-5075
    Fax: (617) 832-7000
5
    August T. Horvath (*pro hac vice* motion
6   forthcoming) (NYS 2833234)
    ahorvath@foleyhoag.com
7   FOLEY HOAG LLP
    1301 Sixth Avenue, 25th Floor
8   New York, New York 10019
    Tel: (212) 812-0400
9   Fax: (212) 812-0399
10  Attorneys *for Defendant*
    *Albertsons Companies Inc.*
11
12              UNITED STATES DISTRICT COURT
13              SOUTHERN DISTRICT OF CALIFORNIA
14
15
16  MARK TRAMMELL, *individually, and*        No. 24cv00862 (AJB) (AHG)
    *on behalf of those similarly situated,*
17                                            **DEFENDANT ALBERTSONS**
                                Plaintiff,    **COMPANIES INC.'S REPLY IN**
18                                            **SUPPORT OF THEIR MOTION TO**
             v.                               **DISMISS PLAINTIFF'S**
19                                            **COMPLAINT**
    ALBERTSONS COMPANIES INC., *a*
20  *Delaware corporation,*                   Date: October 31, 2024
                                Defendant.    Time: 2:00
21
                                              Judge: Hon. Anthony J. Battaglia
22
                                              Courtroom: 4A
23
24                                            Complaint Filed: May 15, 2024
                                              Trial Date: None Set
25
26
27
28

# **TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................1

I.    Plaintiff Has Not Plausibly Pled Malic Acid Is an "Artificial Flavor"...................................................................................................1

    a.    Plaintiff Has Not Plausibly Alleged Malic Acid Acts as a "Flavor".............................................................................1

    b.    Plaintiff Has Not Plausibly Alleged the Malic Acid Is "Artificial".............................................................................4

II.    Plaintiff Has Not Plausibly Alleged That The Labeling Is Misleading ...............................................................................................5

    a.    Plaintiff Conflates the "Reasonable Consumer" Standard.............................................................................5

    b.    Plaintiff Misrepresents Albertsons' Argument...........................7

III.    Plaintiff Lacks Standing Because He Fails to Allege Actual Reliance .................................................................................................9

IV.    Plaintiff's Claims For Equitable Relief Fail as a Matter of Law........................................................................................................9

V.    Plaintiff Lacks Standing to Seek Injunctive Relief............................10

CONCLUSION.....................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................3

*Becerra v. Dr Pepper/Seven Up, Inc.*,
    945 F.3d 1225 (9th Cir. 2019) ...............................................................5

*Boise Cascade Co. v. EPA*,
    942 F.2d 1427 (9th Cir. 1991) ...............................................................2

*Cepelak v. HP Inc.*,
    No. 20-CV-02450-VC, 2021 U.S. Dist. LEXIS 221360 (N.D. Cal.
    Nov. 15, 2021) ......................................................................................10

*Davis v. HSBC Bank*,
    691 F.3d 1152 (9th Cir. 2012) ...............................................................6

*Figy v. Frito-Lay N. Am., Inc.*,
    67 F. Supp. 3d 1075 (N.D. Cal. 2014) ...................................................5

*Griffin v. Publix Super Mkts., Inc.*,
    No. 8:23-cv-1490, 2024 U.S. Dist. LEXIS 91479 (M.D. Fla. May
    22, 2024) .................................................................................................8

*Hawkins v. Coca-Cola Co.*,
    654 F. Supp. 3d 290 (S.D.N.Y. 2023) ....................................................4

*Hu v. Herr Foods, Inc.*,
    251 F. Supp. 3d 813 (E.D. Pa. 2017).......................................................3

*Ivie v. Kraft Foods Global, Inc.*,
    961 F.Supp.2d 1033 (N.D. Cal. 2013)..................................................3, 4

*La Barbera v. Olé Mexican Foods Inc.*,
    No. EDCV 20-2324 JGB (SPx), 2023 U.S. Dist. LEXIS 110929
    (C.D. Cal. May 18, 2023). ......................................................................6

*Lavie v. Procter & Gamble Co.*,
    105 Cal. App. 4th 496 (2003) .................................................................6

*McGinity v. Procter & Gamble Co.*,
   69 F.4th 1093 (9th Cir. 2023) ............................................................. 7

*Moore v. Trader Joe's Co.*,
   4 F.4th 874 (9th Cir. 2021) ............................................................ 5, 6

*Myers v. Wakefern Food Corp.*,
   No. 20-8470, 2022 U.S. Dist. LEXIS 35981 (S.D.N.Y. Mar. 1,
   2022) ................................................................................................. 4

*O'Shea v. Littleton*,
   414 U.S. 488 (1974) ......................................................................... 10

*Pelayo v. Nestle USA, Inc.*,
   989 F. Supp. 2d 973 (C.D. Cal. 2013) ............................................... 8

*Robie v. Trader Joe's Co.*,
   No. 20-cv-07355-JSW, 2021 U.S. Dist. LEXIS 117336 (N.D. Cal.
   June 14, 2021) ................................................................................... 5

*Scheibe v. Fit Foods Distribution, Inc.*,
   No. 23-CV-220 JLS (AHG), 2023 U.S. Dist. LEXIS 201794 (S.D.
   Cal. Nov. 8, 2023) ........................................................................... 10

*Scheibe v. Livwell Products, LLC*,
   No. 23-cv-216-MMA (BLM), 2023 U.S. Dist. LEXIS 117451
   (S.D. Cal. July 7, 2023) .................................................................. 10

*Scheibe v. Performance Enhancing Supplements, LLC*,
   No. 23-cv-00219-H-DDL, 2023 U.S. Dist. LEXIS 97796 (S.D.
   Cal. June 5, 2023) ............................................................................. 4

*Semegen v. Weidner*,
   780 F.2d 727 (9th Cir. 1985) ............................................................ 4

*Simpson v. The Kroger Corp.*,
   219 Cal.App.4th 1352 (2013) ............................................................ 6

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) .......................................................... 10

*Souter v. Edgewell Pers. Care Co., No. 22-55898*,
   2023 U.S. App. LEXIS 20301 (9th Cir. Aug. 7, 2023) ...................... 6

*Stiles v. Trader Joe's Co.*,
   CV 16-04318 TJH (KSx), 2017 U.S. Dist. LEXIS 117969 (C.D.
   Cal. Apr. 4, 2017) ..................................................................................8

*Trammell v. KLN Enterprises, Inc.*,
   No. 3:23-cv-1884-H-JLB, 2024 U.S. Dist. LEXIS 73133 (S.D. Cal.
   Apr. 22, 2024), *motion for reconsideration denied* (2024 U.S. Dist.
   LEXIS 90364 (S.D. Cal., May 20, 2024)) ............................................8

*Viggiano v. Hansen Natural Corp.*,
   944 F. Supp. 2d 877 (C.D. Cal. 2013) ..................................................1

*Weiss v. Trader Joe's*,
   838 F. App'x 302 (9th Cir. 2021) ..........................................................6

*Whiteside v. Kimberly Clark Corp.*,
   No. 23-55581, 2024 U.S. App. LEXIS 17532 (9th Cir. July 17,
   2024) ......................................................................................................9

*Williams v. Gerber Products Co.*,
   552 F.3d 934 (9th Cir. 2008) ............................................................6, 7

**Other Authorities**

21 C.F.R. § 101.22(i)(1)..........................................................................1, 2

21 C.F.R. § 170.3(o)(11)............................................................................2

21 C.F.R. § 184.1069..................................................................................2

21 C.F.R. § 184.1069(a)..............................................................................4

*Food Labeling; Declaration of Ingredients*, 56 Fed. Reg. 28592,
   28598 (June 21, 1991) ............................................................................2

### INTRODUCTION

Plaintiff's main contention in his Opposition ("Opposition," Doc. 8) is that he is not required to exclude alternative explanations for why malic acid is used in the Product. This is a mischaracterization of Albertsons' arguments. Plaintiff also has not pled any facts establishing that the malic acid in the product functions as a "flavor," much less with the plausibility required. The Complaint's allegations actually demonstrate that the malic acid is a "flavor enhancer" based on FDA's governing definition. Nor has Plaintiff sufficiently alleged that the malic acid is "artificial." Plaintiff also applies the wrong reasonable consumer standard, and his Complaint fails the test under the correct one.

Plaintiff's opposition fails to plead any equitable claims because he cannot point to any allegations in the Complaint establishing that legal remedies are inadequate. His unjust enrichment and breach of express warranty causes of action thus fail as a matter of law, as do his CLRA claims for equitable relief. Plaintiff also does not dispute that he lacks Article III standing to seek injunctive relief. Accordingly, the Court should grant Defendant's Motion to Dismiss in its entirety.

### I.   Plaintiff Has Not Plausibly Pled Malic Acid Is an "Artificial Flavor"
####    a.  Plaintiff Has Not Plausibly Alleged Malic Acid Acts as a "Flavor"

Plaintiff has not plausibly alleged that the malic acid acts as a "flavor," which it must, to be an "artificial flavor." Plaintiff does not dispute that the FDA defines an "artificial flavor" as a substance that "simulates, resembles or reinforces the characterizing flavor" of the product. 21 C.F.R. § 101.22(i)(1). To plead that the malic acid in the Products functions as a "flavor," Plaintiff must plausibly allege that malic acid "give[s] the product an original taste." *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 889 (C.D. Cal. 2013). He has not done so.

Instead, Plaintiff only alleged that malic acid alters the ratio of ingredients such that the Products' taste is affected. But that is not enough to serve as a

1  characterizing flavor. Every ingredient – even water (by dilution) – can alter the

2  flavor, including the sugar and acid, when added to a product, but no reasonable

3  consumer considers water a flavoring. It is also insufficient to allege that malic

4  acid is a flavor simply because it may impact the ratio of sugars and acids of the

5  Products. Opp. at 7-8. This merely alleges that malic acid is a nonspecific "flavor

6  enhancer" (i.e., a "substance[] added to supplement, enhance, or modify the

7  original taste and/or aroma of a food, without imparting a characteristic taste or

8  aroma of its own") rather than a flavoring agent whose presence would require an

9  "artificially flavored" label. 21 C.F.R. § 170.3(o)(11); *see also* FDA, *Food*

10  *Labeling; Declaration of Ingredients*, 56 Fed. Reg. 28592, 28598 (June 21, 1991)

11  ("flavor enhancers are not flavorings").

12     Plaintiff argues that malic acid affects the "ratio between sugars and acid."

13  Opp. at 8. This actually contradicts the argument that the malic acid simulates,

14  resembles, or reinforces each Product's specific "characterizing flavor". 21 C.F.R.

15  § 101.22(i)(1). It is implausible that malic acid simultaneously tastes like

16  strawberries and blueberries. 21 C.F.R. § 184.1069 recognizes that malic acid is

17  used "as a flavor enhancer …, and pH control agent." Plaintiff's own allegations

18  thus acknowledge that malic acid functions as a flavor *enhancer* in the Products.

19     Plaintiff's suggestion that any substance that modifies a product's taste acts

20  as a "flavor" ignores the FDA's distinction between "flavors" and "flavor

21  enhancers." *See* 56 Fed. Reg. at 28598 ("FDA's regulations describing the various

22  functional effects of human food ingredients differentiate between 'flavoring

23  agents and adjuvants' and 'flavor enhancers'"). This violates the canon against

24  surplusage, which requires that a court should not "interpret a provision in a

25  manner that renders other provisions of the same [regulation] inconsistent,

26  meaningless, or superfluous." *Boise Cascade Co. v. EPA*, 942 F.2d 1427, 1432 (9th

27  Cir. 1991). Absent any plausible allegation that malic acid provides each product

28

with its distinct characterizing fruit flavor, which is impossible, Plaintiff cannot establish that it acts as a "flavor"—"artificial" or otherwise.

Plaintiff also confusingly alleges that he "is not required to exclude alternative explanations." Opp. at 9. Albertsons is not asking for the exclusion of alternative explanations; Albertsons only notes that the law requires plausible allegations that the malic acid in its Products acts as a "flavor." Under *Iqbal*, while Plaintiff need not "exclude" alternative explanations, he must plausibly allege that such alternatives are not "more likely" than his own contentions. *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). Plaintiff has not done this. By his own description, Plaintiff has mixed a hint of factual assertions about the Products with general statements about food formulation and the governing regulatory background. Aside from cropped images of the Products' front packaging, Plaintiff merely alleges "[b]y changing the ratio between sugars and acids that is naturally found in fruits, the DL malic acid used in the Products by Defendant reinforces, simulates, or creates the characterizing flavors, regardless of any other effect it may have or purpose for which it was included." (Compl. ¶ 42.) This is not a factual assertion, but a conclusory allegation merely parroting FDA regulations.

Despite Plaintiff's assertions that it is inappropriate for a court to decide this on a motion to dismiss, many courts have dismissed similar cases where the plaintiff's factual allegations did not establish that an allegedly "artificial" substance performed the function the plaintiff claimed. *See, e.g.*, *Ivie v. Kraft Foods Global, Inc.*, 961 F.Supp.2d 1033, 1041-42 (N.D. Cal. 2013) (dismissing suit where plaintiff's allegations did not establish that the challenged "ingredients are *flavors*, artificial or otherwise"); *Hu v. Herr Foods, Inc.*, 251 F. Supp. 3d 813, 821-23 (E.D. Pa. 2017) (dismissing challenge of "No Artificial Preservatives" claim where the plaintiff's factual allegations did not establish that citric acid acted as a preservative). Plaintiff attempts to distinguish *Hu* by arguing that the case

"turned on the very different regulatory scheme for preservatives" (Opp. at 10).[1] This is a distinction without a difference. While Plaintiff claims that preservatives implicate a "very different regulatory scheme," the critical question, which he does not address, is how these supposed differences bear upon the question of whether the malic acid in the Products acts as a "flavor." Plaintiff has not plausibly alleged that malic acid acts as a "flavor" and this Court should dismiss Plaintiff's lawsuit.

### b.  <u>Plaintiff Has Not Plausibly Alleged the Malic Acid Is "Artificial"</u>

Also, this lawsuit independently fails because he has not plausibly alleged that the malic acid in the Products is "artificial." The pertinent question is not whether there is a distinction between "natural" and "artificial" malic acid. Instead, it is whether Plaintiff has *plausibly alleged* that the malic acid used is the "artificial" version as opposed to L-malic acid—a substance that "occurs naturally in various foods." 21 C.F.R. § 184.1069(a). Plaintiff has not done so.

Plaintiff incorrectly argues that he has alleged with sufficient particularity that the Products contain "DL Malic Acid" based on his purported laboratory testing. Courts, including this Court, have rejected these same types of allegations asserting laboratory testing without specific facts about the testing and methodology used. *See Scheibe v. Performance Enhancing Supplements, LLC*, No. 23-cv-00219-H-DDL, 2023 U.S. Dist. LEXIS 97796, at *8 (S.D. Cal. June 5, 2023) (citing *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)); *see also Hawkins v. Coca-Cola Co.*, 654 F. Supp. 3d 290, 305 (S.D.N.Y. 2023); *Myers v. Wakefern Food Corp.*, No. 20-8470, 2022 U.S. Dist. LEXIS 35981, at *13-*15 (S.D.N.Y. Mar. 1, 2022) (noting that the complaint failed to "describe the testing

---

[1] Plaintiff attempts to distinguish *Ivie* by arguing that the plaintiff in that case failed to articulate how the challenged ingredient acted as a flavor. *See* Opp. at 12.  Here, Plaintiff's factual allegations do not plausibly establish—or even suggest—that malic acid is responsible for the "characterizing flavor" of each of the Products.  If anything, his allegations establish that malic acid acts as a flavor enhancer or pH balancer—neither of which the FDA regards as a "flavor."

methodology followed, the specific date, time, or place of the testing, who conducted the testing, [or] the qualifications of the testers."). Plaintiff's opposition claims he alleges more, but it does not rise to the level of specificity required under this case law and Rule 9(b). Details like testing methodology and qualifications of testers are important to allege "artificial" flavor with particularity.

Courts across California have agreed that "conclusory allegations that the flavoring is artificial are insufficient to state a claim." *Robie v. Trader Joe's Co.*, No. 20-cv-07355-JSW, 2021 U.S. Dist. LEXIS 117336, at *13 (N.D. Cal. June 14, 2021); *see also, e.g.*, *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1090 (N.D. Cal. 2014) (false advertising claim dismissed where the plaintiff "provide[d] no detail whatsoever about how or why the offending ingredients are unnatural").

## II.   Plaintiff Has Not Plausibly Alleged That The Labeling Is Misleading

Plaintiff's claims also fail because the labels do not imply that the Products are "all natural," "100% natural," or free of artificial ingredients. Absent any such representations, no reasonable consumer would assume that these Products are entirely free of artificial ingredients, or even artificial flavors.

### a.   Plaintiff Conflates the "Reasonable Consumer" Standard

Plaintiff alleges that Albertsons "misapprehends the governing standard." Opp. at 15. According to him, the standard for dismissal requires that "no" reasonable "but unsophisticated" consumer could be deceived. *Id.* at 17. That misrepresents the case law. The correct standard is for Plaintiff to demonstrate "more than a mere possibility that … [the] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner . . . [r]ather, the reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2012) (affirming dismissal); *Becerra v. Dr Pepper/Seven*

*Up, Inc.*, 945 F.3d 1225, 1229 (9th Cir. 2019) (same). Plaintiff incorrectly tries to distinguish *Moore*, as involving a Rule 56 motion, but that case affirmed a dismissal under Rule 12(b)(6). And the "no reasonable consumer" passages from *Davis v. HSBC Bank*, 691 F.3d 1152, 1168 (9th Cir. 2012) and *Simpson v. The Kroger Corp.*, 219 Cal.App.4th 1352, 1371 (2013) are merely comments on the specific facts of those cases, *not* articulations of the legal standard.

Plaintiff also rewrites the standard by calling for an "unsophisticated consumer." California courts do not endorse Plaintiff's test. The "reasonable consumer" is neither the least nor the most sophisticated, neither the expert nor the novice.[2]  Deceptiveness is measured by "the likely effect on the normally credulous consumer." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003). This consumer "does not check [their] common sense at the door of the store." *Weiss v. Trader Joe's*, 838 F. App'x 302, 303 (9th Cir. 2021).

The Attorney General's amicus brief in *Souter v. Edgewell*[3] does not change the analysis. Recognizing that the Attorney General is an enforcement agency with a specific agenda and not a neutral arbiter, California courts have rejected similar advocacy positions. *See, e.g., Lavie*, 105 Cal. App. 4th at 508-09 ("The Attorney General's error is his equating of the rejection of a standard requiring heightened consumer vigilance with the adoption of a 'least sophisticated consumer' standard. The two clearly are not the same."). This Court should do the same.

Plaintiff also asserts that Ninth Circuit precedent, including *Williams v.*

---

[2] Plaintiff should be held to a heightened standard.  He admits he eats "clean" and belongs to a class of consumers who prefer "to consume only products that contain all-natural flavorings." Compl. ¶ 19. He shops for naturally flavored products, and therefore can be assumed to "know a little bit about that product, at least more than a random person on the street, who may have no interest in that product or given it any thought." *La Barbera v. Olé Mexican Foods Inc.*, No. 20-cv-2324 JGB (SPx), 2023 U.S. Dist. LEXIS 110929, at *31 (C.D. Cal. May 18, 2023).  Because Plaintiff "cares about any particular quality in a product, [he] is willing to spend at least a few seconds reading a product's packaging to see if it answers [his] question." *Id.*

[3] Opp. Ex. 2.

*Gerber Products Co.*, 552 F.3d 934 (9th Cir. 2008), implies that his reading of the labeling is plausible. *See* Opp. at 16–17. These cases do not support Plaintiff's claims. *Williams* did not involve claims about the source of a product's flavor; plaintiffs there alleged that Gerber's "use of the words 'Fruit Juice' juxtaposed alongside images of fruits" was misleading because "the product contained no fruit juice from any of the fruits pictured on the packaging and because the only juice contained in the product was white grape juice from concentrate." *Williams*, 552 F.3d at 936. The Ninth Circuit found that the plaintiffs stated a plausible claim of deception because the packaging suggested the presence of certain ingredients that the product did not contain. *Id.* at 939. Here, in contrast, Albertsons' labeling says nothing about the presence or absence of specific ingredients.

### b. <u>Plaintiff Misrepresents Albertsons' Argument</u>

Albertsons does not contend, as Plaintiff suggests, that "reasonable consumers would never believe that a shelf-stable cereal bar food product would be naturally flavored." Opp. at 3. Albertsons argues that Plaintiff's allegations are implausible because a *reasonable* consumer *using common sense*, especially one like Plaintiff who eats "clean," would not buy a shelf-stable product with vibrant fruit filling believing that it is all naturally flavored, yet might still have other artificial ingredients (e.g., corn syrup, sorbitan). Plaintiff claims that consumers, including himself, lack the sophistication to read and understand ingredients on a product. This contradicts his own allegations about being the type of interested consumer to whom such things are material. The reasonable consumer – and particularly the consumer of all-natural flavorings—has a basic understanding of ingredients in the context of these products. *See McGinity v. Procter & Gamble Co.,* 69 F.4th 1093 (9th Cir. 2023) (clarifying that a reasonable consumer is not limited to front-label statements, and will refer to other parts of the packaging as well as any contextual clues to interpret ambiguous front-label claims).

1   Plaintiff argues that only in a "rare situation" does a court determine on the

2   pleadings whether a plaintiff has plausibly alleged facts to satisfy the reasonable

3   consumer standard. Opp. at 16. Courts routinely make this determination under

4   Rule 12 in product labeling false advertising cases where, as here, the plaintiff

5   failed to plausibly allege that a reasonable consumer would be deceived. *See Stiles*

6   *v. Trader Joe's Co.*, CV 16-04318 TJH (KSx), 2017 U.S. Dist. LEXIS 117969, at

7   *9 (C.D. Cal. Apr. 4, 2017) (the Ninth Circuit has recognized that "some

8   complaints alleging CLRA, FAL, and UCL advertising claims have been properly

9   dismissed" on a motion to dismiss); *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d

10  973, 978 (C.D. Cal. 2013) ("[A] [c]ourt can properly make this determination and

11  resolve such claims based on its review of the product packaging.").

12  When faced with similar allegations involving products, like cereal bars,

13  where it is unrealistic that a reasonable consumer would think they are purchasing

14  an all naturally flavored product, courts have dismissed false advertising claims

15  challenging flavor labeling under the reasonable consumer standard. *See Trammell*

16  *v. KLN Enterprises, Inc.*, No. 3:23-cv-1884-H-JLB, 2024 U.S. Dist. LEXIS 73133,

17  at *11-12 (S.D. Cal. Apr. 22, 2024), *motion for reconsideration denied* (2024 U.S.

18  Dist. LEXIS 90364 (S.D. Cal., May 20, 2024)) (dismissing malic acid claims

19  because the label's statement that it was naturally flavored was not misleading

20  because "nowhere" on the label did it state that the food was "all natural," "100%

21  natural," or "free of artificial ingredients"); *Griffin v. Publix Super Mkts., Inc.*, No.

22  8:23-cv-1490, 2024 U.S. Dist. LEXIS 91479, at *3 (M.D. Fla. May 22, 2024).

23  Plaintiff's only attempt at distinguishing this case from *KLN* is by stating that

24  court's decision was not well-founded. Plaintiff's counsel here, also plaintiff's

25  counsel in *KLN*, already had the opportunity to argue why he believed the

26  reasoning was not well-founded in his motion for reconsideration, which was

27  denied. This court should follow the well-reasoned decision of *KLN* for the reasons

28

stated here and in Albertsons' motion.

### III.   Plaintiff Lacks Standing Because He Fails to Allege Actual Reliance

To address Albertsons' arguments that Plaintiff fails to allege actual reliance, he first points to the very components of his Complaint that Albertsons alleges are inadequate. *See* Opp. at 20-21. Plaintiff does not dispute that it is implausible any reasonable consumer would avoid malic acid when used as a flavoring agent, but not when used for other authorized purposes, or that Plaintiff simultaneously alleges that he carefully reads labels but also claims not to be aware malic acid is an ingredient in the Products.

Plaintiff then alleges because malic acid *can* be natural, the presence of other possible artificial ingredients in the product does not matter. Opp. at 21-22. That is nonsensical. If Plaintiff truly "attempts to eat 'clean' and prefers to consume only products with all-natural flavorings" (Compl. ¶ 19), even a cursory review of the back label would reveal the presence of several ingredients that are not claimed to be natural. It is implausible that a consumer would seek to avoid malic acid, on the basis that it is allegedly not natural, but turn a blind eye to a multitude of other synthetic ingredients. Similarly, it is implausible that a consumer would accept artificial *ingredients*, but not artificial *flavors*. Plaintiff offers no plausible explanation why his "eat natural" philosophy applies only to flavorings.

Plaintiff cites *Whiteside v. Kimberly Clark Corp*., No. 23-55581, 2024 U.S. App. LEXIS 17532 (9th Cir. July 17, 2024), but that case does not make it any more plausible that a consumer who allegedly "eat[s] clean" would rely solely on a "natural *flavor*" label claim to imply that the *entire* product is "clean" and free of artificial ingredients. The ambiguity regarding all ingredients as opposed to just the flavors, even under *Whiteside*, can be clarified by the back label. *See id.* at *28.

### IV.   Plaintiff's Claims For Equitable Relief Fail as a Matter of Law

Plaintiff makes no attempt at explaining how the Complaint plausibly

---

1  alleges his legal remedies are inadequate other than arguing he pled the claims "in

2  the alternative" "[t]o the extent necessary." This argument does not relieve

3  Plaintiff of his burden to plausibly show that he is entitled to equitable relief. *See*

4  *Cepelak v. HP Inc.*, No. 20-CV-02450-VC, 2021 U.S. Dist. LEXIS 221360, at *6

5  (N.D. Cal. Nov. 15, 2021) ("The relevant inquiry is not what other claims the

6  plaintiffs have raised, but whether they have plausibly alleged the inadequacy of

7  legal remedies for each claim for equitable relief that they seek."); *see also O'Shea*

8  *v. Littleton*, 414 U.S. 488, 502 (1974); *Sonner v. Premier Nutrition Corp.*, 971 F.3d

9  834, 844 (9th Cir. 2020).

10       Plaintiff's counsel should be well aware of this standard given he has made

11  this argument previously. See *Scheibe*, 2023 U.S. Dist. LEXIS 97796, at *12

12  (dismissing claims for equitable relief and stating that "[w]hile Plaintiff may plead

13  claims for equitable relief in the alternative at the pleading stage, plaintiff must, at

14  a minimum, plead that []he lacks adequate remedies at law if []he seeks equitable

15  relief.") (citations omitted); *Scheibe v. Fit Foods Distribution, Inc.*, No. 23-CV-

16  220 JLS (AHG), 2023 U.S. Dist. LEXIS 201794, at *23 (S.D. Cal. Nov. 8, 2023);

17  *Scheibe v. Livwell Products, LLC*, No. 23-cv-216-MMA (BLM), 2023 U.S. Dist.

18  LEXIS 117451, at *23 (S.D. Cal. July 7, 2023) (in a malic acid case, noting "to the

19  extent Plaintiff seeks equitable relief, his claims are subject to dismissal because he

20  fails to plead that an adequate remedy at law is unavailable.").

21       Therefore, because Plaintiff has failed to state any claim for equitable relief,

22  the Court should dismiss his claims for equitable relief under the CLRA, unjust

23  enrichment, and any other claims for equitable relief sought in the Complaint.

24  **V.    Plaintiff Lacks Standing to Seek Injunctive Relief**

25       Plaintiff does not dispute, and therefore concedes, that he lacks Article III

26  standing to pursue injunctive relief. For the reasons stated in Albertsons' Motion,

27  this court should dismiss plaintiff's claim for injunctive relief with prejudice.

28

---

DEF. ALBERTSONS' REPLY IN SUPPORT OF MOT. TO DISMISS: CASE NO. 24cv00862 (AJB)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendant Albertsons Companies Inc.'s motion to dismiss.

Dated:  July 30, 2024                     FOLEY HOAG LLP

/s/ *Christopher R. Mosley*
Christopher R. Mosley (SBN 154422)
*cmosley@foleyhoag.com*
FOLEY HOAG LLP
4643 South Ulster Street
Suite 970
Denver, Colorado 80237
Tel: (720) 782-5075
Fax: (617) 832-7000

August T. Horvath (*pro hac vice* motion
forthcoming)
*ahorvath@foleyhoag.com*
FOLEY HOAG LLP
1301 Sixth Avenue, 25th Floor
New York, New York 10019
Tel: (212) 812-0400
Fax: (212) 812-0399

*Attorneys for Defendant*
*Albertsons Companies Inc.*

1

## **<u>PROOF OF SERVICE</u>**

2      I, Christopher R. Mosley, hereby certify that on July 30, 2024, I caused the

3  foregoing document to be electronically filed with the Clerk of the Court for the

4  United States District Court, Southern District of California, by using the CM/ECF

5  system and electronically served to all counsel of record.  I declare under penalty

6  of perjury under the laws of the United States that the foregoing is true and correct.

7

8  Dated: July 30, 2024           <u>*/s/ Christopher R. Mosley*</u>

9                     Christopher R. Mosley

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28