# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK TRAMMELL, individually and on behalf of those similarly situated,<br><br>                                        Plaintiff,<br>v.<br>ALBERTSONS COMPANIES, INC., a Delaware corporation,<br>                                       Defendant. | Case No.: 24-cv-00862-AJB-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**(Doc. No. 16)** |

Presently pending before the Court is Defendant Albertsons Companies Inc.'s Motion to Dismiss Plaintiff Mark Trammell's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6). (Doc. No. 16.) Plaintiff filed an opposition to the motion to dismiss, (Doc. No. 18), to which Albertsons replied, (Doc. No. 19). Pursuant to Civil Local Rule 7.1.d.1, the Court finds the instant matter suitable for determination on the papers and without oral argument. Accordingly, the Court **VACATES** the motion hearing set for March 6, 2025. For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Dismiss Plaintiff's FAC.

///

///

## I.   BACKGROUND

Plaintiff is a resident and citizen of California. (FAC, Doc. No. 13, ¶ 1.) Defendant Albertsons Companies formulates, manufactures, and sells under its in-house generic brand, Signature Selects, the Signature Select Fruit & Grain cereal bars, Blueberry and Strawberry flavors (together, the "Products"). (*Id.* ¶ 20.) On or about June 10, 2023, Plaintiff viewed and purchased the Products from a Vons Market—a subsidiary of Albertsons—in Carlsbad, California. (*Id.* ¶ 18.) Plaintiff asserts he "is a student who attempts to eat 'clean'" and "prefers to consume only products that contain all-natural flavorings." (*Id.* ¶ 19.)

The packaging for the Products states it is "Naturally Flavored." (*Id.* ¶ 21.) Albertsons discloses the presence of malic acid in the ingredient list on the back of the Products' packaging.[1] (Doc. No. 16-1 at 4.)

Plaintiff alleges these representations on Albertsons' packaging are false and misleading because the Products are "flavored using an artificial flavoring, DL malic acid, that is derived from petrochemicals." (FAC ¶ 22.) Plaintiff claims he reviewed the Products' labels, including the statement that the Products are "Naturally Flavored," prior to purchasing the Products. (*Id.* ¶ 51.) Plaintiff also contends he reasonably relied on the labels' statements and would not have purchased the Products or would have only been willing to pay a substantially reduced price for the Products had he known about Albertsons' alleged misrepresentation. (*Id.* ¶ 52.)

On May 15, 2024, Plaintiff filed a class action complaint against Albertsons, alleging claims for: (1) violations of the California Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.*; (2) unjust enrichment; and (3) breach of express warranty. (Doc. No. 1.) On November 25, 2024, the Court granted in part and denied in part Albertsons' motion to dismiss Trammel's Complaint. (Doc. No. 12.) By the present

---

[1] The Court considers the full packaging of the Products as it is incorporated by reference. *Ritchie*, 342 F.3d at 908.

motion, Albertsons moves pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6) to dismiss Plaintiff's unjust enrichment claim (Count II) and request for injunctive relief in the FAC. (Doc. No. 16.)

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241 (9th Cir. 2011) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The function of this pleading requirement is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *see Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must "'accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" *Los Angeles Lakers*, 869 F.3d at 800 (quoting *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012)). But a court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. "Further, it is improper for a court to assume the claimant "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). "A district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.*

### B. Article III Standing

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a federal court is to first determine its jurisdiction over the dispute. *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007); *Ellis v. J.P. Morgan Chase & Co.*, 950 F. Supp. 2d 1062, 1071 (N.D. Cal. 2013). A court sustains a facial attack on subject matter jurisdiction if "the allegations contained in a complaint [or on matters which the court can take judicial notice of] are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Article III limits the jurisdiction of federal courts to "cases" and "controversies," which is delineated by the doctrine of standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must first have suffered an "injury in fact" which is "concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical[.]" *Id.* (citations omitted). Second, the injury must be "fairly traceable to the

challenged action of the defendant[.]" *Id.* (citations and alterations omitted). Finally, it must be "likely" that the "injury will be redressed by a favorable decision." *Id.* (citations omitted). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Moreover, "[a] plaintiff must demonstrate constitutional standing separately for each form of relief requested." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 185 (2000)).

The Ninth Circuit has held that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Davidson*, 889 F.3d at 969. "A customer who is deceived by false advertising may have standing to seek injunctive relief forbidding the defendant from engaging in the same false advertising again[,]" if the consumer can "establish the threat of actual and imminent injury." *Jackson v. General Mills, Inc.*, No. 18-cv-02634-LAB-BGS, 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020) (emphasis removed) (discussing *Davidson*, 889 F.3d at 967). The "threatened injury must be certainly impending to constitute injury in fact, and . . . allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal citations omitted). While "[a] plaintiff who is deceived by false advertising may be injured by her inability to rely on advertising in the future[,] where a plaintiff learns information during litigation that enables her to evaluate product claims and make appropriate purchasing decisions going forward, an injunction would serve no meaningful purpose as to that plaintiff." *Jackson*, 2020 WL 5106652, at *5; *Rahman v. Mott's LLP*, No. 13-cv-03482-SI, 2018 WL 4585024, at *3 (N.D. Cal. Sept. 25, 2018); *Fernandez v. Atkins Nutritionals, Inc.*, No. 17-cv-01628-GPC-WVG, 2018 WL 280028, at *15 (S.D. Cal. Jan. 3, 2018)).

///

///

## III. DISCUSSION

Albertsons moves to dismiss Plaintiff's unjust enrichment claim and request for injunctive relief pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6). (Doc. No. 16-1 at 3.) Specifically, Albertsons argues: (1) California does not recognize a separate cause of action for unjust enrichment; (2) even if California recognized a separate cause of action for unjust enrichment, Plaintiff has not shown that his legal remedies are inadequate; and (3) Plaintiff lacks standing to pursue a claim for injunctive relief. (*Id.* at 6–7)

### A. Unjust Enrichment

Albertsons first asserts Plaintiff's unjust enrichment claim fails as a matter of law because California does not recognize a separate cause of action for unjust enrichment. (Doc. No. 16-1 at 6 (citing *DeHavilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 870 (2018)).) Albertsons further asserts that even if California recognizes a separate cause of action for unjust enrichment, the claim still fails because Plaintiff has not shown that his legal remedies are inadequate. (*Id.*)

In California, "there is not a standalone cause of action for 'unjust enrichment,'" but "[w]hen a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)). "[T]he theory underlying" an unjust enrichment claim is "that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'" *Id.* (quoting 55 Cal. Jur. 3d Restitution § 2). "The return of that benefit is the remedy 'typically sought in a quasi-contract cause of action.'" *Id.* (quoting 55 Cal. Jur. 3d Restitution § 2).

Plaintiff seeks actual damages under the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*. ("CLRA"), and his claim for breach of express warranty. He does not allege that damages are inadequate. Instead, Plaintiff alleges he "pleads this cause of action in the alternative in the event that Plaintiff has an inadequate remedy at law." (FAC ¶ 81.)

However, under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), a plaintiff at a minimum must state they have *no* adequate remedy at law, even at the motion to dismiss stage. *Id.* at 844; *Helems v. Game Time Supplements, LLC*, No. 3:22-cv-01122-L-AHG, 2023 WL 5986130, at *5–6 (S.D. Cal. Sept. 14, 2023). Because Plaintiff fails to assert he has no adequate remedy at law, the Court **GRANTS** Albertsons' motion to dismiss Plaintiffs' unjust enrichment claim with leave to amend.

### B. Injunctive Relief

Albertsons next asserts Plaintiff lacks standing to seek injunctive relief because he "has made abundantly clear that he is aware of the ingredients in the Product. He is thus at no risk of future harm and therefore lacks standing to seek injunctive relief." (Doc. No. 16-1 at 7.) Plaintiff responds that Albertsons ignores "directly on-point Ninth Circuit case law" and that he has sufficiently alleged future harm based on his desire to purchase the Products in the future and cannot rely on the Product's labels. (Doc. No. 18 at 3–5.) He also claims that he has alleged more than an "informational injury" that is rectified by knowing now that the Products contain artificial flavorings, but that because of its fraudulent practices, Albertsons was able to charge a premium price for its products. (*Id.* at 4.) By way of Count 1 under the CLRA, Plaintiff seeks an order enjoining Albertsons from engaging in alleged deceptive labeling practices. (FAC ¶ 77; Prayer for Relief ¶ d.)

Prospective injunctive relief requires a plaintiff to show a threat of future injury that is "actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). To establish standing for injunctive relief, the previously deceived consumer must sufficiently allege "an imminent or actual threat of future harm caused by [the] allegedly false advertising," such as a desire to purchase the product again in the future. *Davidson*, 889 F.3d at 970. "In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* at 969–70. "In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite

the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* at 970.

Here, Plaintiff sufficiently alleges he has a desire to purchase the Products again. (FAC ¶ 71 ("Defendant [sic] would like to purchase the Products and other products in the 'Signature Select' line of food products in the future, but cannot currently do so because he cannot rely on the Products' labelling, given the deceptions regarding flavoring found there.").) However, unlike in *Davidson*, in which the plaintiff faced a future injury because she still could not rely on the defendant's claims about its products' "flushability" without first purchasing and using the flushable wipes, 889 F.3d at 971–72, Plaintiff admits he now has knowledge that enables him to make an appropriate choice with respect to the Products. (*See* FAC ¶¶ 22, 27–28, 42–43); *see also Kenney v. Fruit of the Earth, Inc.*, No. 23-55583, 2024 WL 4578981, at *1 (9th Cir. Oct. 25, 2024) (unpublished) (affirming the district court's grant of summary judgment on the plaintiff's equitable claims in favor of the defendants, holding the plaintiff lacked standing to pursue injunctive relief because, unlike *Davidson*, "the record in this case makes plain that [the plaintiff] need not purchase the defendants' sunscreen anew to determine whether it contains non-zinc active ingredients. [The plaintiff] is aware that the sunscreen's back label states that it contains octocrylene, a chemical active ingredient"); *Renn v. Otay Lakes Brewery, LLC*, No.: 23CV1139-GPC(BLM), 2024 WL 331616 (S.D. Cal. Jan. 29, 2024) (granting motion to dismiss the plaintiff's request for equitable relief where the plaintiff was allegedly deceived by "healthy" representation on packaging for product containing alcohol, finding that "even if the health and wellness representations were removed, he will not likely purchase the Products since he was looking for a 'healthy' kombucha drink"); *Fernandez*, 2018 WL 280028, at *15 (plaintiff allegedly deceived by "net carbs" representation on product packaging lacked standing to seek injunctive relief; noting plaintiff "now kn[ew] how [defendant] goes about calculating its net carbs claims, and she [would] not be misled next time").

///

Plaintiff further asserts he "has alleged more than simply an 'information injury'" but also that "because of its fraudulent practices, Albertsons was able to charge a premium price for its products." (Doc. No. 18 at 4.) However, as discussed above, Plaintiff admits he has knowledge of the Product's ingredients. Thus, there is no longer any risk that Plaintiff will be misled the next time he looks at the Product's label. Plaintiff's allegation that an injunction would drive down the price of Albertsons' Products is based on pure conjecture and is insufficient to state a cognizable claim for injunctive relief. *See Trammell v. KLN Enter., Inc.*, No.: 3:23-cv-01884-H-JLB, 2024 WL 4194794, at *8–9 (S.D. Cal. Sept. 12, 2024), *appeal filed*, No. 24-6097.

Accordingly, Plaintiff lacks standing to pursue his claim for injunctive relief and that claim is **DISMISSED**. Because the deficiencies identified cannot be cured by amendment of the FAC, the Court dismisses Plaintiff's request for injunctive relief without leave to amend. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) ("A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" (citation omitted)).

## IV.  CONCLUSION

For the foregoing reasons, Albertsons' motion to dismiss is **GRANTED** as follows:

1. Albertsons' Motion to Dismiss is **GRANTED** as to Plaintiff's unjust enrichment claim with leave to amend;
2. Albertsons' Motion to Dismiss is **GRANTED** as to Plaintiff's request for injunctive relief without leave to amend.

Should Plaintiff choose to do so, he may file a Second Amended Complaint by **March 13, 2025**. Albertsons must file a responsive pleading no later than **March 27, 2025**.

**IT IS SO ORDERED.**

Dated: February 24, 2025

Hon. Anthony J. Battaglia
United States District Judge